<u>NOT FOR PUBLICATION</u>

**UNITED STATES DISTRICT COURT**
DISTRICT OF NEW JERSEY

| CHAMBERS OF<br>**SUSAN D. WIGENTON**<br>UNITED STATES DISTRICT JUDGE | MARTIN LUTHER KING COURTHOUSE<br>50 WALNUT ST.<br>NEWARK, NJ 07101<br>973-645-5903 |
|---|---|

May 3, 2023

Matthew O'Callaghan
Register No. 73497-050
USP Lewisburg
P.O. Box 2000
Lewisburg, PA 17837
*Pro Se Defendant*

Jonathan Fayer, Esq.
United States Attorney's Office
970 Broad Street, 7th floor
Newark, NJ 07102
*Counsel for Plaintiff*

## <u>LETTER OPINION FILED WITH THE CLERK OF THE COURT</u>

    **Re:**    *United States v. Matthew O'Callaghan*
               Crim. No. 20-265

Litigants:

    Before this Court is *pro se* Defendant Matthew O'Callaghan's ("Defendant") Motion for Compassionate Release ("Motion") under the First Step Act ("FSA"), 18 U.S.C. § 3582(c)(1)(A). (D.E. 34.) This Court having considered the parties' submissions, and for the reasons discussed below, denies Defendant's Motion.

## **<u>DISCUSSION</u>**

A.

    Although a district court generally has limited authority to modify a federally imposed sentence once it commences, *see United States v. Epstein*, Crim. No. 14-287, 2020 WL 1808616, at *2 (D.N.J. Apr. 9, 2020); *Dillon v. United States*, 560 U.S. 817, 825 (2010), the FSA permits district courts to grant compassionate release where there exist "extraordinary and compelling reasons" to reduce a sentence. The statute provides, in relevant part, that:

> (A) [T]he court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
>> (i) extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission . . . .

18 U.S.C. § 3582(c)(1). Accordingly, under the FSA, "a defendant seeking a reduction in his term of imprisonment bears the burden of establishing both that he has satisfied (1) the procedural prerequisites for judicial review, and (2) that compelling and extraordinary reasons exist to justify compassionate release." *Epstein*, 2020 WL 1808616, at *2.

The prerequisites for judicial review are straightforward. First, a defendant seeking a reduced sentence must ask the Bureau of Prisons ("BOP") to file a motion for a reduced sentence on his behalf. 18 U.S.C. § 3582(c)(1)(A). Then, the defendant must either "(i) wait thirty days for the BOP to respond or (ii) exhaust all available administrative appeals after receiving an adverse decision [from the BOP]." *United States v. McDonald*, Crim. No. 09-656, 2020 WL 3638280, at *3 (D.N.J. July 2, 2020) (citing *United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020)).

Once a defendant has satisfied those prerequisites, a court may reduce his or her sentence "if the court finds that (1) extraordinary and compelling reasons warrant a reduction, (2) the reduction would be consistent with applicable policy statements issued by the Sentencing Commission,[1] and (3) the applicable sentencing factors under § 3553(a) warrant a reduction." *United States v. Sparrow*, Crim. No. 18-653, 2020 WL 4364328, at *2 (D.N.J. July 30, 2020) (quoting *United States v. Pabon*, Crim. No. 17-165-1, 2020 WL 2112265, at *2 (E.D. Pa. May 4, 2020)).

B.

---

[1] While the Sentencing Commission's policy statement is not binding on this Court, "it still sheds light on the meaning of extraordinary and compelling reasons." *United States v. Andrews*, 12 F.4th 255, 260 (3d Cir. 2021). The Sentencing Commission's relevant policy statement identifies medical conditions which meet the "extraordinary and compelling" requirement as those where the defendant is (i) suffering from a terminal illness, or (ii) suffering from a serious physical or medical condition, a serious functional or cognitive impairment, or experiencing deteriorating physical or mental health due to aging, that substantially diminishes the ability of the defendant to provide self-care within a correctional facility and from which they are not expected to recover. U.S.S.G. § 1B1.13, cmt. n.1(A).

Case 2:20-cr-00265-SDW   Document 37   Filed 05/03/23   Page 3 of 6 PageID: 345

On December 16, 2020, Defendant pleaded guilty to one count of wire fraud, in violation of 18 U.S.C. § 1343.  (D.E. 26 at 4.)  On May 6, 2021, this Court sentenced Defendant to a term of 51 months imprisonment and three years of supervised release with special conditions and ordered Defendant to pay $4,913,535.99 in restitution.  (*See generally* D.E. 30–32.)  On or about June 24, 2021, Defendant began serving his sentence at United States Penitentiary, Lewisburg, Pennsylvania ("USP Lewisburg").  (D.E. 34 at 2; D.E. 36 at 4.)

On June 23, 2022, Defendant submitted a request for compassionate release to the warden of USP Lewisburg.  (D.E. 34-5.)  The next day, the warden denied that request.  (*Id.*)  On July 13, 2022, Defendant filed the instant Motion with this Court.[2]  (D.E. 34.)  The Government opposed Defendant's Motion on August 15, 2022,[3]  (*see generally* D.E. 36), and Defendant did not file a reply.

C.

Defendant, a 46-year-old man, contends that his basal cell carcinoma of the skin (*i.e.*, skin cancer) renders him vulnerable to severe illness from COVID-19, and that his children "are exhibiting signs of severe depression and anxiety."  (*Id.* at 2–5, 7–9.)  As a result, Defendant seeks compassionate release.[4]  (*Id.* at 2.)

### Medical Conditions

Although this Court is sympathetic to his medical concerns, Defendant has not established that they amount to "extraordinary and compelling reasons" to justify his release.  *Epstein*, 2020 WL 1808616, at *2.  First, although several of Defendant's health conditions may increase his risk of severe illness should he contract COVID-19,[5] Defendant is vaccinated against COVID-19, and indeed, he has already contracted and fully recovered from the virus.  (Ex. A.)  Several decisions in this District have held that such circumstances diminish the risk posed to inmates by the virus.  *See United States v. Allen*, Crim. No. 18-216, 2023 WL 314351, at *6 (D.N.J. Jan. 19, 2023) (denying compassionate release to a defendant by reasoning that his vaccination greatly reduced

---

[2] The Government agrees that Defendant exhausted his administrative remedies as required by 18 U.S.C. § 3582(c)(1)(A).  (D.E. 36 at 4.)

[3] Along with its opposition brief, the Government submitted to this Court a hard copy of Defendant's medical records, which have been filed under seal as Exhibit A.  Because Exhibit A does not contain consistent pagination, this Court will cite generally to Exhibit A when referencing Defendant's medical history.

[4] Defendant requests "that this Court grant his appeal and enter an Order modifying his sentence to allow him to serve his sentence on Home Confinement or, in the alternative, that he be granted Compassionate Release."  (*Id.* at 2, 9.)  Because "the Bureau of Prisons has the sole authority to place a prisoner on home confinement," this Court will construe Defendant's Motion as one for a reduction in the term of his imprisonment.  *United States v. Aguibi*, 858 F. App'x 485, 486 n.2 (3d Cir. 2021) (citing *Tapia v. United States*, 564 U.S. 319, 331 (2011)).

[5] The Center for Disease Control and Prevention ("CDC") recognizes that certain health conditions, including cancer, obesity, substance use disorder, and mental health conditions may put individuals at an increased risk of severe illness from COVID-19.  *See* CDC, *People with Certain Medical Conditions* (last updated Sep. 2, 2022), https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html.
Although Defendant's brief references only his skin cancer, his medical records indicate that he also suffers from obesity, alcohol-use disorder, unspecified mood disorder, and psoriasis.  (Ex. A.)

3

the likelihood of serious consequences from a COVID-19 infection); *United States v. Toney*, Crim. No. 83-17, 2021 WL 1382154, at *2 (D.N.J. Apr. 12, 2021) (denying compassionate release in part because the defendant had already contracted and recovered from COVID-19).

Second, decisions in this District have routinely denied compassionate release to inmates suffering from medical issues like and worse than those raised by Defendant. *See United States v. Boyce*, Crim. No. 7-1018, 2022 WL 2116768, at *3 (D.N.J. June 13, 2022) (denying compassionate release to a blind, wheelchair-bound defendant who suffered from paranoid delusions and hypertension, because the defendant "ha[d] not sufficiently shown how his conditions [we]re exacerbated by COVID-19 or how they present[ed] materially different circumstances than those the Court considered when it sentenced him"); *United States v. Alexander*, Crim. No. 19-32, 2020 WL 2507778, at *4 (D.N.J. May 15, 2020) (denying compassionate release to a defendant who suffered from obesity and hypertension where medical records showed that the BOP was "adequately managing [his] medical care"); *McDonald*, 2020 WL 3638280, at *1 (denying compassionate release where defendant suffered from hypertension, vulnerability to strokes, heart disease, a history of lung cancer, vision and hearing loss, a loss of mobility, and a thoracic aortic aneurism).

Third, Defendant's contention that his skin cancer "would be much better treated and cared for outside of the prison system" is unavailing. (D.E. 34 at 7.) "What Defendant essentially advocates for is the kind of optimal health care that courts have routinely rejected." *United States v. Epstein*, Crim. No. 14-287-1, 2020 WL 2537648, at *5 (D.N.J. May 19, 2020) (collecting cases). That is not the standard courts use to determine whether extraordinary and compelling circumstances exist. *See id.* Instead, this Court focuses its inquiry on "whether the BOP has provided adequate treatment such that Defendant's conditions are properly managed." *Id.* Here, Defendant argues, without offering any evidence, that the BOP has failed to provide him with adequate care. (*See* D.E. 34 at 7.) Defendant's medical records, however, indicate that the BOP has provided Defendant with consistent access to treatment for his skin cancer and other health conditions. (*See generally* Ex. A.) Defendant has not offered any evidence to the contrary and thus has not carried his burden of establishing extraordinary and compelling reasons for his release. *United States v. McNair*, 481 F. Supp. 3d 362, 365 (D.N.J. 2020) ("[A] defendant seeking a reduction in his sentence under the First Step Act 'bears the burden, of [establishing] . . . that compelling and extraordinary reasons exist to justify compassionate release.'" (quoting *United States v. Sellers*, Crim. No. 10-434, 2020 WL 1972862, at *1 (D.N.J. Apr. 24, 2020))).

Consequently, Defendant has failed to show that his medical conditions and risk of exposure to COVID-19 amount to "extraordinary and compelling reasons" justifying his release.

## Family Circumstances

Defendant's unsupported assertions that his children are experiencing "severe depression and anxiety" are insufficient to establish extraordinary and compelling reasons to justify his release. (D.E. 34 at 7.) While Defendant's argument is "not without merit," *United States v. Williams*, Crim. No. 18-201, 2022 WL 6964764, at *3 (D.N.J. Oct. 12, 2022), to demonstrate extraordinary and compelling circumstances, he must show that his children "are in dire need of [his] caregiving and other family members are afflicted by incapacitating, life-threatening

4

illnesses." *United States v. Canzater*, Crim. No. 18-578, 2022 WL 1602163, at *9 (D.N.J. May 20, 2022) (quoting *United States v. Nelson*, Crim. No. 18-300, 2021 WL 2253524, at *2 n.3 (D.N.J. June 3, 2021)); *see also United States v. Spencer*, Crim. No. 14-50, 2022 WL 2873080, at *2 (D.N.J. July 21, 2022) (collecting cases and explaining that "the defendant must show that there is no caregiver besides the defendant able to care for the child and that the defendant would be likely to be awarded custody of the child"). Defendant has provided no evidence of either. *See United States v. Mason*, Crim. No. 17-191, 2021 WL 2530781, at *2–3 (D.N.J. June 21, 2021) (denying motion for compassionate relief where the defendant "fail[ed] to provide critical information and corroborating information from which the Court c[ould] conclude compelling and extraordinary reasons exist to justify his release"); *United States v. Doolittle*, Crim. No. 19-501, 2020 WL 4188160, at *3 (D.N.J. July 21, 2020) (denying motion for compassionate relief where the defendant "presented no medical documentation or other competent evidence demonstrating" his family's medical issues). Consequently, this Court cannot find that Defendant's family circumstances constitute extraordinary and compelling reasons justifying his release.

### 18 U.S.C. § 3553(a) Sentencing Factors

Finally, even if Defendant had sufficiently established extraordinary and compelling reasons for his release, this Court would still deny the Motion because the applicable sentencing factors under 18 U.S.C. § 3553(a) weigh against his early release. *See United States v. Terry*, Crim. No. 16-210, 2020 WL 3264086, at *4–5 (D.N.J. June 17, 2020) (denying motion for compassionate release in part because certain § 3353(a) factors weighed against release). Defendant is serving a 51-month term for wire fraud in which he fraudulently obtained millions of dollars from investors and corporations. (*See* D.E. 26.) A reduced sentence here would not "reflect the seriousness of the offense," "promote respect for the law," "provide appropriate punishment for the offense" or protect the public by deterring the Defendant and others from similar future conduct. 18 U.S.C. § 3553(a)(2); *see also United States v. Neff*, 523 F. Supp. 3d 726, 729 (E.D. Pa. 2021) ("[I]n cases involving white collar crimes, such as this one, a sophisticated individual's understanding of the likelihood of apprehension and length of punishment is an important component of a putative offender's calculus on whether to commit the crimes."). The reasons set forth on the record at the time of Defendant's sentencing are still applicable, and Defendant has not shown any bases to deviate therefrom. *See, e.g.*, *United States v. Thomas*, Crim. No. 16-324-1, 2022 WL 296594, at *2 (3d Cir. Feb 1. 2022) (holding that it is "within the Court's discretion when weighing the § 3553(a) factors to find that [the defendant's] . . . health concerns do not support an early release, especially because [the court] already considered the same concerns when it initially sentenced [the defendant]"). Accordingly, the § 3553(a) factors weigh against Defendant's early release.

### **CONCLUSION**

For the foregoing reasons, Defendant's Motion for Compassionate Release is **DENIED**. An appropriate order follows.

  /s/ Susan D. Wigenton<br>
  **SUSAN D. WIGENTON, U.S.D.J.**

Orig:   Clerk

cc: Parties